U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

MAR 18 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES OF AMERICA

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SOUTHWEST RICE MILL, ET AL | CIVIL ACTION 12-2522 |
| VERSUS | JUDGE HAIK |
| ACADIANA RAILWAY COMPANY, ET AL | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is a Motion to Remand to State Court (Doc. #12) filed by Southwest Rice Mill Co, Inc. and Frederick Marque De La Houssaye. This matter was originally filed in the 15th Judicial District Court, Acadia Parish, and removed to federal court by Union Pacific Railroad Company. Union Pacific argues it is facially apparent that the amount in controversy exceeds $75,000.00 in value and the parties are completely diverse, once you exclude the citizenship of all improperly joined parties. Plaintiffs contend the amount in controversy does not, on the face of the pleadings, exceed $75,000 and that all of the defendants are properly joined.

This case arises from the discharge of harmful materials from an above ground storage tank located on property adjacent to that owned by Southwest Rice Mill. An employee of Southwest Rice Mill was clearing vegetation when he accidentally struck the tank, leaking the contents which migrated into the Bayou Blanc. The Louisiana Department of Environmental Quality and the U.S. Environmental Protection Agency eventually took responsibility of the clean up operations/on site response. The LDEQ subsequently requested reimbursement of the costs from Southwest Rice Mill in the amount of $20,087.01. Plaintiffs seek recovery of these costs,

as well as other past and future damages resulting from the incident, from eight named defendants.

In order to prove fraudulent joinder of a non-diverse party, the Fifth Circuit requires proof of 1. Actual fraud in the pleading of jurisdictional facts or 2. The inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Guillory v. PPG, Indus.,* 434 F.3d. 303 (5th Cir., 2005). The governing test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *McDonal v. Abbot Labs,* 408 F.3d. 177 (5th Cir., 2005). Additionally, in *Smallwood v. Illinois Central Railroad,* 385 F.3d. 568 (5th Cir. 2004), the Court noted, "the mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder. Diversity does not exist if there is no reasonable basis for recovery.

In the instant matter, plaintiffs have set forth claims against Acadiana Railway Company, B. Dore Inc., and Napsak, Inc., Louisiana citizens for diversity purposes, as well as Union Pacific Railroad. Plaintiffs also named four fictitiously named insurance companies (ABC, DEF, GHI, and JKL). For purposes of this analysis, the citizenship of parties sued under fictitious names may be disregarded. For the reasons specifically set forth in its memorandum and supporting evidence, Union Pacific argues Acadiana, Railway Company, B. Dore Inc., and Napsak are fraudulently joined in that the plaintiff has no reasonable basis for recovering against these non-diverse parties. The Court disagrees.

Plaintiffs allege in their petition that the tank at issue was located on property owned by either Union Pacific or Dore and which had been leased at some point by Napsak. Further,

plaintiffs allege the rail spur adjacent to the tank is either owned by Union Pacific or Acadiana. Napsak, which ceased doing business several years ago, allegedly filled the tank and abandoned it. The plaintiffs allege that Napsak had the opportunity and duty to empty, close, and/or remove the tank. Further, all three of the non-diverse defendants knew or should have known that the tank was full, had been abandoned, and created a risk. These defendants each had an opportunity and duty to remove the harm or secure the contents. Additionally, the plaintiffs allege these parties were negligent in various ways.

Despite the arguments and evidence set forth by Union Pacific, this Court can not conclude with certainty that the plaintiffs have no chance of recovery against the non-diverse defendants or no reasonable basis for recovery. Given the allegations set forth in the petition, and considering the arguments set forth by all parties, this Court finds the parties are properly named and there is no fraudulent joinder. Further, the Court does not find from the face of the pleadings that the case carries a value of $75,000.00 or more. Consequently, this matter is **REMANDED** to the 15th Judicial District Court, Parish of Acadia, for further proceedings.

THUS DONE and SIGNED on this 17th day of March, 2014.

_____
**RICHARD T. HAIK, SR., DISTRICT JUDGE**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**